IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IQVIA, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2610 |
| | : | |
| ERICA BRESKIN, et al. | : | |

## ORDER

AND NOW, this 20th day of March, 2023, upon consideration of Plaintiff IQVIA, Inc.'s Motion for Expedited Discovery (Document 3), all filings in support thereof and in opposition thereto, and oral arguments by the Parties, it is hereby ORDERED the Motion is DENIED.[1]

---

[1] In this case involving the alleged misappropriation of trade secrets, Plaintiff IQVIA, Inc. filed a request for expedited discovery in order "to uncover the full extent of Defendants' unlawful conduct" in support of the preliminary injunction motion. Pl.'s Mem. Law Supp. Mot. Leave Conduct Expedited Disc. 1, ECF No. 3-2. The Federal Rules of Civil Procedure do not specify when a district court should grant leave to conduct expedited discovery, *see* Fed. R. Civ. P. 26, and the Third Circuit Court of Appeals has not established a standard. *Stantec Consulting Servs. v. Arslan*, No. 5:20-cv-06121, 2021 WL 4472875, at *4 (E.D. Pa. Sept. 30, 2021). However, "[t]he prevailing approach in this Circuit is to apply the 'good cause' or reasonableness standard to resolve motions for expedited discovery." *Id.* (citation omitted). Under the good cause standard, "[t]he court should consider: (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Id*. (internal quotation marks and citation omitted). The movant must show its "request is 'reasonable' in light of the relevant circumstances." *Id.* (citation omitted). And "[w]here the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied." *Id.* (citation omitted).

IQVIA fails to show good cause for expedited discovery because each of the three elements weigh against granting the motion. First, IQVIA filed the motion for expedited discovery the same day as the Complaint, seeking discovery even before service. Second, though IQVIA "claims its request is narrow, it reaches most of the merits of this case." *Herley Indus.*, 2020 WL 6504588, at *9. IQVIA seeks forensic review of Breskin's Slipstream cell phone and laptop and third-party examination of Slipstream's system. Pl.'s Mot. Leave Conduct Expedited Disc. ¶¶ 1-2, ECF No. 3. IQVIA also asks for three depositions, five Rule 34 document requests, and five Rule 33 interrogatories, which are "to be produced within seven business days of service of the requests." *Id.* ¶¶ 3-5. In short, IQVIA seeks significant discovery, despite its claim that this request is "limited." Pl.'s Mem. Law Supp. Mot. Leave Conduct Expedited Disc. 3, ECF No. 3-2. Third, the burden on Defendants in responding would be substantial. They would be required to produce physical evidence, as well as multiple deponents, documents, and interrogatories within seven days of an order. Slipstream would also be required to allow a full review of its internal computing and

BY THE COURT:


  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

cloud systems. Finally, the Court notes IQVIA's argument in support of this motion largely rests on its motion for a preliminary injunction. *See generally id.*  Because the Court is not granting IQVIA's motion for a preliminary injunction, and because IQVIA has not shown good cause, the motion to expedite discovery is denied.