IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IQVIA, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2610 |
| | : | |
| ERICA BRESKIN, et al. | : | |

### ORDER

AND NOW, this 20th day of March, 2023, upon consideration of Plaintiff IQVIA, Inc.'s Motion for a Preliminary Injunction (Document 2), all filings in support thereof and in opposition thereto, and oral arguments by the Parties, it is hereby ORDERED the Motion is DENIED.[1]

---

[1] IQVIA brings this action after its former employee, Erica Breskin, downloaded thousands of IQVIA's internal, confidential documents in the weeks leading up to and after she left IQVIA to join Slipstream IT, LLC. IQVIA requests a preliminary injunction requiring Slipstream and Breskin, *inter alia*, to return all IQVIA property, refrain from using or disclosing its information, and provide all of the computers, phones, email addresses, cloud accounts, and thumb drives used by Breskin for inspection. Proposed Prelim. Inj. Order ¶¶ A, B, F, ECF No. 2-4. Because IQVIA cannot meet the threshold requirements for preliminary injunctive relief, the motion is denied.

Preliminary equitable relief under Federal Rule of Civil Procedure 65(a) is an "extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). A movant seeking a preliminary injunction:

> must meet the threshold for the first two most critical factors: it must demonstrate that it can win on the merits . . . and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors [balancing of harms and the public interest] and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (internal quotation marks omitted). Because a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction," the Court begins its analysis with these factors. *Herley Indus., Inc. v. R Cubed Eng'g, LLC*, No. 5:20-cv-02888, 2020 WL 6504588, at *4 (E.D. Pa. Nov. 5, 2020) (citation omitted).

To show a likelihood of success on the merits, "the movant need only prove a 'prima facie case,' not a 'certainty' [they'll] win." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). Thus, "the movant need only show a 'reasonable probability' of success." *Id.* (citation omitted). IQVIA's claims against Slipstream for misappropriation of trade secrets, tortious interference, unjust enrichment, and unfair competition do not survive Slipstream's motion

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

to dismiss. Mot. Dismiss Order, March 20, 2023. And IQVIA's claims against Breskin for misappropriation of trade secrets similarly do not survive. *Id.* It is therefore self-evident IQVIA has not shown a likelihood of success on these claims. For purposes of this motion, IQVIA is left with claims against Breskin for breach of contract, unjust enrichment, unfair competition, and violation of the Computer Fraud and Abuse Act.

For this group of surviving claims, IQVIA's motion fails because it has not shown the second threshold factor: irreparable harm. "In order to prove irreparable harm, the moving party must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Herley Indus.*, 2020 WL 6504588, at *4 (citation omitted). In cases involving trade secrets, "an intention to make imminent or continued use of a trade secret or to disclose it to a competitor will almost certainly show immediate irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92-93 (3d Cir. 1992). Relying on this rule, IQVIA's showing of irreparable harm rests almost entirely on the misappropriation of trade secrets claims. Mem. Law Supp. Pl.'s Mot. Prelim. Inj. 16-17, ECF No. 2-5. But because these claims are dismissed, IQVIA has not shown irreparable harm on this basis. Accordingly, the Court only considers IQVIA's argument that "[t]he misappropriation, use, and disclosure of IQVIA's confidential information" constitutes irreparable harm. Mem. Law Supp. Pl.'s Mot. Prelim. Inj. 17, ECF No. 2-5.

"Injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do." *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (internal quotation marks and citation omitted). Though Breskin accessed IQVIA's files without authorization, there is no evidence Breskin or Slipstream used or disclosed the information. To the contrary, the preliminary injunction record contains sworn affidavits from Breskin and Slipstream CEO Brandon McKay stating (1) acquisition was inadvertent and unintended; (2) all information has been removed from their possession; and (3) they have not and will not use any of IQVIA's information. Verified Statement Erica Breskin ¶¶ 3, 6, 8, 11, 13-15, ECF No. 1-1 at 8-10; Decl. Brandon McKay ¶¶ 18, 22, 28, 33-35, ECF No. 20-2. In the face of these affidavits and the lack of other evidence showing IQVIA's information has been used, IQVIA's argument is purely speculative.

Because IQVIA has not shown a likelihood of success on its claims, nor irreparable harm in the absence of relief, it cannot meet the high standard for a preliminary injunction. The motion will be denied.